IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARL ERNST ROMINGER, | : | |
|     Petitioner, | : | |
| | : | No. 1:21-cv-00943 |
| v. | : | |
| | : | (Judge Kane) |
| STEPHEN SPAULDING, | : | |
|     Respondent | : | |

## MEMORANDUM

On May 25, 2021, pro se Petitioner Karl Ernst Rominger ("Petitioner"), who is currently incarcerated at the Federal Prison Camp in Lewisburg, Pennsylvania ("FPC Lewisburg"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and a memorandum in support thereof (Doc. No. 2). Petitioner seeks an Order directing the Bureau of Prisons ("BOP") to award him his earned time credit ("ETC") pursuant to the First Step Act ("FSA") and to immediately release him to home confinement. (Doc. No. 1 at 1-2.) Petitioner paid the requisite filing fee on May 28, 2021. Following an Order to show cause (Doc. No. 5), Respondent filed a response on June 17, 2021 (Doc. No. 7). Petitioner filed his traverse on June 23, 2021. (Doc. No. 8.) In an Order dated June 28, 2021, the Court directed Respondent to file a supplemental response addressing the arguments Petitioner raised in his traverse. (Doc. No. 9.) The Court also directed Respondent to address whether Petitioner is entitled to the application of ETC and, if so, how much ETC Petitioner is entitled to as of the filing of the supplemental response. (Id.) Respondent filed his supplemental response on July 2, 2021. (Doc. No. 10.) Petitioner's § 2241 petition is, therefore, ripe for disposition.

I.  **BACKGROUND**

Petitioner is serving a twenty (20)-month term of incarceration imposed by the Honorable Sylvia H. Rambo of this Court for attempting to evade or defeat income tax and failure to file an income tax return. (Doc. Nos. 1-1 at 13; 7-1 at 1.) Petitioner's current projected release date, via good conduct time, is December 11, 2021. (Doc. No. 7-1 at 1.) Petitioner is "presently scheduled to report to a halfway house on September 14, 2021." (Doc. No. 10-1 at 1.)

The BOP has assessed Petitioner has having a low risk of recidivism and having recreation/leisure/fitness, substance abuse, and work criminogenic needs. (Doc. No. 10-1 at 2, 4.) During his incarceration, Petitioner has completed various programming activities ("PAs"), including the Arthritis Foundation Walk, Brain Health as you Age, and the Non-Residential Drug Abuse Treatment Program. (Id. at 1, 12-13.) Petitioner is eligible for 35 hours of credit for completing these PAs. (Id. at 2.) Petitioner has also been employed by the UNICOR program[1] since February 23, 2021. (Id. at 1-2, 14.) UNICOR has been designated as an evidence-based recidivism reduction ("EBRR") program. (Id. at 2.) The BOP, however, has not yet issued a policy or guidance on how UNICOR employment should be calculated, other than to "assign 500 hours of credit." (Id. at 2, 7.)

In his § 2241 petition, Petitioner asserts that on April 9, 2021, he was notified that he would be transferred to a halfway house in Harrisburg, Pennsylvania, beginning on September 14, 2021. (Doc. Nos. 1 at 1; 1-1 at 5.) He asserts that he is entitled to the application of ETC to his sentence, and that he has sought award of such credit, but that Respondent "himself wrote on

---

[1] "UNICOR is the trade name of Federal Prison Industries, Inc., a self-sustaining government corporation that provides employment and job training to BOP inmates while producing marketable goods and services." United States v. Lemoine, 546 F.3d 1042, 1047 n.3 (9th Cir. 2008).

April 30, 2021 that [Petitioner] has 'zero' such credits." (Doc. No. 1 at 1.) Petitioner "has calculated that he is owed 10 days of such credits from July 13, 2020 for each month thereafter, plus 5 additional days for each month thereafter once his second team meeting and evaluation occurred on January 13, 2021." (Id.) Petitioner asserts that he is owed at least 120 days of ETC, and that with application of such to his sentence, he was entitled to be released to home confinement on or about May 17, 2021. (Id. at 2.) As relief, Petitioner seeks "immediate release to [h]ome [c]onfinement and that the BOP be enjoined from not using the FSA earned time credits." (Id.)

## II.    DISCUSSION

Respondent asserts that Petitioner's § 2241 petition should be denied because: (1) it is not ripe for disposition; and (2) Petitioner failed to exhaust his administrative remedies. (Doc. No. 7 at 2.) In his supplemental response, Respondent also asserts that Petitioner's "work assignment has yet to receive a policy or guidance on how FSA [t]ime [c]redits should be calculated and he has not earned enough credits for release at this time." (Doc. No. 10 at 2.) For the reasons discussed below, the Court finds that Petitioner's § 2241 petition must be denied for his failure to exhaust administrative remedies and because Petitioner has not earned enough ETCs to entitle him to earlier release.[2]

---

[2] Respondent asserts that Petitioner's § 2241 petition is not ripe because the "FSA does not require the BOP to provide the time credits for successful completion of EBRR and PAs until the end of the phase-in period, on January 15, 2022." (Doc. No. 7 at 5.) The FSA provides that "[d]uring the 2-year period described in paragraph (2)(A), the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." See 18 U.S.C. § 3621(h)(3). The FSA further provides that "[b]eginning on the date of enactment of this subsection, the Bureau of Prisons may begin to expand any evidence-based recidivism production programs and productive activities that exist at a prison as of such date, and may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D." See id. § 3621(h)(4).

3

A.      **Exhaustion of Administrative Remedies**

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." See id. at 762.  Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).

---

Courts have divided on the issue of whether habeas claims seeking the application of ETCs are ripe.  Several have concluded that such claims will not become ripe until January 15, 2022, the end of the phase-in period.  See, e.g., Cohen v. United States, No. 20-cv-10833, 2021 WL 1549917, at *2-3 (S.D.N.Y. Apr. 20, 2021); Kennedy-Robey v. FCI Pekin, No. 20-cv-01371, 2021 WL 797516, at *4 (C.D. Ill. Mar. 2, 2021); Hand v. Barr, No. 1:20-cv-348, 2021 WL 392445, at *5 (E.D. Cal. Feb. 4, 2021), report and recommendation adopted, 2021 WL 1853295 (E.D. Cal. May 10, 2021); Llewlyn v. Johns, No. 5:20-cv-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), report and recommendation adopted, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021); Herring v. Joseph, No. 4:20-cv-249, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020).  At least one court, the District of New Jersey, has concluded otherwise.  See Goodman v. Ortiz, 20-7582, 2020 WL 5015613, at *6 (D.N.J. Aug. 25, 2020).  However, because the Court concludes that Petitioner has failed to exhaust his administrative remedies and is not entitled to earlier release, the Court need not and does not decide whether such claims are generally ripe for review.  See Butler v. Bradley, No. 20-11211, 2021 WL 945252, at *3 n.4 (C.D. Cal. Feb. 22, 2021) (taking same approach), report and recommendation adopted, 2021 WL 945252 (Fe. 22, 2021).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. See id. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." See id. § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. See id. § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." See id. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." See id.

Petitioner concedes that he did not exhaust his administrative remedies prior to filing his § 2241 petition. (Doc. No. 2 at 1.) The record before the Court indicates that on January 21, 2021, Petitioner submitted Administrative Remedy No. 1065604-F1, requesting compassionate release or home confinement. (Doc. No. 7-1 at 3.) His request was denied on January 27, 2021, and he did not appeal. (Id.) On April 5, 2021, Petitioner filed Administrative Remedy No. 1075403-F1, requesting RDAP credit and RRC (halfway house) awards. (Id.) His request was rejected that same day because he did not attempt informal resolution prior to submitting his remedy. (Id.) Petitioner resubmitted his request, by filing Administrative Remedy No. 1075403-F2 on April 26, 2021. (Id. at 4.) His request was denied on April 30, 2021. (Id.) Petitioner

appealed to the Northeast Regional Office, which extended its time to respond to the appeal until July 16, 2021. (Id.)

Petitioner suggests that exhaustion should be excused because it is futile and because the statutory construction exception to administrative exhaustion applies. (Doc. No. 8.) However, even if Petitioner thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" See Ross v. Martinez, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting Malvestuto v. Martinez, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)); see also Suarez-Sanchez v. Lane, No. 4:18-cv-1431, 2019 WL 1645231, at *3-4 (M.D. Pa. Mar. 5, 2019) (concluding that the petitioner's § 2241 petition was subject to dismissal for failure to exhaust because the petitioner "never fully and properly appealed [his] grievance because he apparently deemed the grievance process to be a waste of time"), report and recommendation adopted, 2019 WL 1620339 (M.D. Pa. Apr. 16, 2019).

The Court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction." See Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020). In support of his argument, Petitioner cites to Goodman v. Ortiz, No. 20-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020). In Goodman, the parties did not dispute that the inmate-petitioner had successfully participated in several PAs that met the requirements of the FSA or had earned a specific number of ETC. See Goodman, 2020 WL 5015613, at *2. Instead, the court considered whether the FSA required that the ETC earned by the petitioner be applied before January 15, 2022. See id. The court

6

concluded that the inmate-petitioner was exempt from the administrative exhaustion requirement because the matter "present[ed] a narrow dispute of statutory construction" and because "habeas relief should be granted." See id. at *3. The instant case, however, not only involves when Petitioner is eligible for the application of any ETC, but also a dispute as to the specific number of ETCs earned by Petitioner. The latter issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused. See Kurti, 2020 WL 2063871, at *3 (noting that the petitioner "has clearly failed to exhaust administrative remedies with respect to the time credit he requests"); see also Cohen v. United States, No. 20-cv-10833 (JGK), 2021 WL 1549917, at *4 (S.D.N.Y. Apr. 20, 2021) (concluding that the inmate-petitioner was not excused from exhausting because the parties disputed his "eligibility for, participation in, and applicability of the various programs he claims to have completed to any potential time credits under the FSA"); Maggio v. Joyner, No. 7:21-21-DCR, 2021 WL 1804915, at *1-2 (E.D. Ky. Mar. 25, 2021) (concluding same to determine that the inmate-petitioner's § 2241 petition was subject to dismissal for failure to exhaust). Thus, the Court agrees with Respondent that Petitioner's § 2241 petition must be dismissed for failure to exhaust his administrative remedies. Nevertheless, the Court will address the merits of his petition below.

**B. Merits of Petitioner's § 2241 Petition**

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of EBRR programming appropriate for each

inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and PAS; (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." See Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. See id. Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) days of time credit for every thirty (30) days of successful participation. See id. However, an inmate may not earn time credits for EBRR programs completed prior to the enactment of the FSA. See id. § 3632(d)(4)(B)(i). The Attorney General was allowed 210 days after the FSA was enacted to develop and publish the System, which the BOP then used as a guide to implement the EBRRs and PAs. See id. § 3632(a). The Attorney General published the System on July 19, 2019, and the BOP then had 180 days, or until January 15, 2020, to implement the System, complete assessments, and begin to assign prisoners to appropriate EBRRs. See Kurti, 2020 WL 2063871, at *4 (citing 18 U.S.C.

§ 3621(h)). Moreover, the FSA provides that EBRRs and PAs are to be phased in over a period of two (2) years, from January 15, 2020 to January 15, 2022. See 18 U.S.C. § 3621(h)(2).

ETC credits are "earned only when an inmate successfully completes one of the BOP-approved EBRR programs or PAs related to one of the particular needs assigned to that inmate." See Hare v. Ortiz, No. 20-14093, 2021 WL 391280, at *9 (D.N.J. Feb. 4, 2021). As noted supra, the BOP has assessed Petitioner has having a low risk of recidivism and having recreation/leisure/fitness, substance abuse, and work criminogenic needs. (Doc. No. 10-1 at 2, 4.) During his incarceration, Petitioner has completed various programming activities ("PA"), including the Arthritis Foundation Walk, Brain Health as you Age, and the Non-Residential Drug Abuse Treatment Program. (Id. at 1, 12-13.) Petitioner is eligible for 35 hours of credit for completing these PAs. (Id. at 2.) Petitioner has also been employed by the UNICOR program since February 23, 2021. (Id. at 1-2, 14.) UNICOR has been designated as an evidence-based recidivism reduction ("EBRR") program. (Id. at 2.) The BOP, however, has not yet issued a policy or guidance on how UNICOR employment should be calculated, other than to "assign 500 hours of credit." (Id. at 2, 7.)

Petitioner has not yet earned ETC from his UNICOR employment because the "BOP is still formulating guidance for the calculation and application of credits, particularly with respect to programs that have no completion date, such as employment with UNICOR." (Doc. No. 10-1 at 2.) The Court agrees with Respondent that he is unable to award Petitioner ETC for such employment "until policy or guidance is created on how this type of employment should be calculated." (Id.) Moreover, pursuant to the BOP's regulations, "a day 'is considered eight hours for purposes of calculating credit under the FSA.' Therefore, 'an inmate is entitled to ten

9

days of creditable time for every 240 hours of programming completed. An inmate with a minimum recidivism risk is eligible for fifteen days for every 240 hours of completed programming.'" See Rehfuss v. Spaulding, No. 1:21-cv-677, 2021 WL 2660869, at *5 (M.D. Pa. June 29, 2021); see also Hare, 2021 WL 391280, at *11-12. Petitioner has earned only 35 hours of credit for completed PAs and, therefore, has not yet earned sufficient ETCs to warrant his immediate release to the halfway house. The Court, therefore, cannot grant Petitioner the relief he seeks.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) An appropriate Order follows.